Carolyn H. Cottrell (SBN 166977)
Ori Edelstein (SBN 268145)
Eugene Zinovyev (SBN 267245)
**SCHNEIDER WALLACE
COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
ezinovyev@schneiderwallace.com

*Attorneys for Plaintiffs and the Class and Collective*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HA NGUYEN, ALEX BHAGATRAM, ALICIA TAYLOR, SORAYA LODIN, TEYANI CISNEROS, and MICHAEL WEBSTER; individuals, on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs,*<br><br>vs.<br><br>BLOOMINGDALE'S, LLC; MACY'S, INC.; and DOES 1 through 100, inclusive,<br><br>*Defendants.* | Case No. 4:23-cv-00768-YGR<br><br>**FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT FOR:**<br><br>**(1) Violations of the Fair Labor Standards Act (29 U.S.C. §§ 201, *et seq.*.)**<br><br>**(2) Failure to Pay Minimum Wages (Cal. Lab. Code §§ 1182.12, 1194, 1194.2, 1197, 1197.1);**<br><br>**(3) Failure to Pay Overtime Wages (Cal. Lab. Code §§ 510, 1194);**<br><br>**(4) Failure to Authorize and Permit and/or Make Available Meal and Rest Periods (Cal. Lab. Code §§ 226.7, 512, 218.5, 218.6);**<br><br>**(5) Failure to Provide Timely and Accurate Itemized Wage Statements (Cal. Lab. Code §§ 226, 1174, 1174.5);**<br><br>**(6) Failure to Reimburse Business Expenses (Cal. Lab. Code § 2802);**<br><br>**(7) Waiting Time Penalties (Cal. Lab. Code §§ 201-203);**<br><br>**(8) Unlawful Business Practices (Cal. Bus. & Prof. Code §§ 17200, *et seq.*).** |

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Nguyen, et al. v. Bloomingdale's, LLC, et al.*

**INTRODUCTION**

1.      Plaintiffs Ha Nguyen, Alex Bhagatram, Alicia Taylor, Soraya Lodin, Teyani Cisneros, and Michael Webster ("Plaintiffs") bring this class and collective action on behalf of themselves and other similarly situated individuals against Bloomingdale's, LLC ("Bloomingdale's") and Macy's, Inc., ("Macy's) (collectively, "Defendants") for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA") and California wage and hour laws.

2.      This action stems from Defendants' policies and practices of: (1) failing to compensate for all hours worked; (2) failing to pay minimum wage for all hours worked; (3) failing to pay overtime wages; (4) failing to authorize and permit lawful meal and rest periods, or premium wages in lieu thereof; (5) failing to provide true and accurate itemized wage statements; (6) failing to timely pay all wages due upon separation from employment; (7) failing to provide reimbursements for business expenditures; and (8) engaging in unfair business practices.

3.      The Collective members are all hourly, non-exempt employees of Defendants in the United States at any time within the three years preceding the filing of this Complaint.

4.      The Sub-Collective members are all Collective members who have not signed or entered into an arbitration agreement with Defendants.

5.      The Class members are all hourly, non-exempt employees employed by Defendants in California at any time within the four years preceding the filing of this Complaint.

6.      The Subclass members are all Class members who have not signed or entered into an arbitration agreement with Defendants.

7.      Plaintiffs seek damages, penalties, and interest to the full extent permitted by the FLSA, Cal. Lab. Code, and Industrial Welfare Commission ("IWC") Wage Orders, as well as other relief requested herein.

**JURISDICTION AND VENUE**

8.      This Court has federal question jurisdiction under 28 U.S.C. § 1331 and §216(b) of the FLSA. The FLSA authorizes private rights of action to recover damages for violation of the FLSA's wage and hour provisions. 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over the California state law claims under 28 U.S.C. § 1367(a) because they are so related to this

1   action that they form part of the same case or controversy.

2        9.    The Court has personal jurisdiction over Defendants because Defendants do business

3   in this District, and because many of the acts complained of and giving rise to the claims alleged

4   occurred in this District.

5        10.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b). Plaintiffs

6   were employed in this District and the claims asserted arose in this District. At all material times

7   Defendants have been actively conducting business in the State of California and within the

8   geographic area encompassing the Northern District of the State of California.

9   **PARTIES**

10   **Plaintiffs**

11        11.    Plaintiff Ha Nguyen is an individual over the age of eighteen, and at all times

12   mentioned in this Complaint was a resident of the State of California. Plaintiff was employed by

13   Defendants as a sales associate from approximately March 2019 to November 2021. Plaintiff

14   worked for Defendants in Costa Mesa, California.

15        12.    Plaintiff Alex Bhagatram is an individual over the age of eighteen, and at all times

16   mentioned in this Complaint was a resident of the State of California. Plaintiff was employed by

17   Defendants as a sales associate from approximately March 2008 to the present. Plaintiff worked for

18   Defendants in San Francisco, California.

19        13.    Plaintiff Alicia Taylor is an individual over the age of eighteen, and at all times

20   mentioned in this Complaint was a resident of the State of California. Plaintiff was employed by

21   Defendants as a sales associate from approximately 2019 to the present. Plaintiff worked for

22   Defendants in San Francisco, California.

23        14.    Plaintiff Soraya Lodin is an individual over the age of eighteen, and at all times

24   mentioned in this Complaint was a resident of the State of California. Plaintiff was employed by

25   Defendants as a sales associate from approximately November 2007 to the present. Plaintiff worked

26   for Defendants in San Francisco, California.

27        15.    Plaintiff Tyani Cisneros is an individual over the age of eighteen, and at all times

28   mentioned in this Complaint was a resident of the State of California. Plaintiff was employed by

1    Defendants as an inventory control specialist from approximately October 2019 to March 2020.

2    Plaintiff worked for Defendants in San Francisco, California.

3        16.    Plaintiff Michael Webster is an individual over the age of eighteen, and at all times

4    mentioned in this Complaint was a resident of the State of California. Plaintiff was employed by

5    Defendants as a sales associate from approximately April 15, 2022 to the present. Plaintiff worked

6    for Defendants in San Francisco, California.

7        17.    On February 21, 2023, Plaintiffs Nguyen, Bhagatram, Taylor, Lodin, and Cisneros

8    filed their consent to sue for violations of the FLSA, pursuant to 29 U.S.C. § 216(b).

9        18.    On March 6, 2023, Plaintiff Webster filed his consent to sue for violations of the

10   FLSA, pursuant to 29 U.S.C. § 216(b).

11   **Defendants**

12       19.    Plaintiffs are informed, believe, and allege that Defendant Bloomingdale's, LLC is

13   an Ohio limited liability corporation headquartered in Long Island City, New York. Bloomingdale's

14   operates retail stores throughout the United States and employs hundreds, if not thousands, of

15   hourly, non-exempt workers similarly situated to Plaintiff throughout California and the United

16   States.

17       20.    Bloomingdale's is registered to do business in California, does business in California

18   and employs and employed more than one hundred workers in California, including Plaintiffs and

19   the Class and Collective members in California.

20       21.    Plaintiffs are informed, believe, and allege that Defendant Macy's is an American

21   conglomerate holding company that operates regional department store chains across the United

22   States, including Bloomingdale's stores, and employs thousands of hourly, non-exempt workers

23   similarly situated to Plaintiffs throughout the United States.

24       22.    Macy's is registered to do business in California, does business in California and

25   employs and employed more than one thousand workers in California, including Plaintiffs and the

26   Class and Collective members in California.

27       23.    Plaintiffs are informed, believe, and thereon allege that Defendants jointly employ

28   and/or employed Plaintiffs and Class and Collective members, among other hourly employees, in

4

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Nguyen, et al. v. Bloomingdale's, LLC, et al.*

this District and throughout the United States, including the State of California.

24.     Defendants jointly employ and/or employed Plaintiffs and Class and Collective members because Defendants, directly or indirectly, control the employment terms, pay practices, timekeeping practices, and daily work of Plaintiffs and Class and Collective members.

25.     Plaintiffs and Class and Collective members were and are employees of Defendants within the meaning of 29 U.S.C. § 203(e).


26.     At all material times, Defendants have been enterprises in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA because Defendants have had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

27.     Plaintiffs are informed, believe, and thereon allege that Defendants have had, and continues to have, annual gross business volumes of not less than $500,000, thereby exceeding the statutory standard. 29 U.S.C. § 203(s)(1)(A)(ii).

28.     In addition to Plaintiffs, Defendants have employed numerous other employees who, like Plaintiffs, are hourly, non-exempt employees engaged in interstate commerce.  Further, Defendants are engaged in interstate commerce since they sell goods across state lines, conduct business deals with merchants across state lines, and processes transactions with banks in other states.

29.     Plaintiffs are informed, believe, and thereon allege that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, Defendants, and that said acts and failures to act were within the course and scope of Defendants' agency, employment and/or direction and control.

30.     At all times herein relevant, Defendants, and each of them, were the agents, partners, joint venturers, representatives, servants, employees, successors-in-interest, co-conspirators and assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as  such agents, partners, joint venturers, representatives, servants, employees, successors, co-conspirators  and assigns, and that all acts or omissions alleged herein were duly committed with the ratification,  knowledge, permission, encouragement, authorization and consent

5

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Nguyen, et al. v. Bloomingdale's, LLC, et al.*

of each defendant designated herein.

31.     At all material times, on information and belief, Defendants, acted within the scope of such agency or employment, or ratified each and every act or omission complained of herein. Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

32.     Defendants jointly exercise control over the operations of its agents, managers, and employees throughout all of their sites and facilities, including over Plaintiffs and Class and Collective members with respect to their employment.

33.     Plaintiffs are informed, believe, and thereon allege that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

34.     At all material times, Plaintiffs and Class and Collective members were employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

35.     At all material times, Defendants have done business under the laws of California, have had places of business in California, including in this District, and have employed Class and Collective members in this District and elsewhere throughout California. Defendants are "person(s)" as defined in Cal. Lab. Code § 18 and "employers" as that term is used in the FLSA, Cal. Lab. Code, the IWC Wage Orders regulating wages, hours, and working conditions, and the Cal. Bus. & Prof. Code § 17201.

## FACTUAL ALLEGATIONS

36.     Plaintiffs are informed, believe, and thereon allege that Bloomingdale's operates luxury department stores with retail locations and employees spread across the United States, including in the State of California. Bloomingdale's employs and has employed thousands of hourly, non-exempt workers similarly situated to Plaintiffs across the United States and employs more than one-hundred employees in the State of California, including but not limited to sales associates, seasonal associates, retail sales associates, beauty consultants, cosmetics managers, sales professionals, and other employees with similar job duties.

37.     Plaintiffs are informed, believe, and thereon allege that Macy's is an American conglomerate holding company that operates regional department store chains, including Bloomingdale's, and employs workers across the United States, including in the State of California. Macy's employs and has employed thousands of hourly, non-exempt workers similarly situated to Plaintiffs across the United States and employs more than one-thousand employees in the State of California, including but not limited to sales associates, seasonal associates, retail sales associates, beauty consultants, cosmetics managers, sales professionals, and other employees with similar job duties.

38.     Plaintiffs are current and former hourly, non-exempt employees of Defendants, including but not limited to sales associates and inventory control specialists in Costa Mesa, California and San Francisco, California. Plaintiffs' primary duties included but were not limited to communicating with potential and existing customers, selling designer clothing and accessories, assisting customers within the store, and conducting counts of inventory. Although Plaintiffs' and Class and Collective members' shifts may vary in length, they usually work seven (7) to eight (8) hours per shift, five (5) shifts per week. Plaintiffs and Class and Collective members typically worked approximately thirty-five (35) to forty-five (45) hours per week.

39.     As a matter of common policy and/or practice, Defendants regularly fail to pay Plaintiffs and Class and Collective members for all hours worked.[1] Defendants regularly require Plaintiffs and Class and Collective members to perform uncompensated and unrecorded work outside of scheduled shifts. Defendants expect and require Plaintiffs and Class and Collective members to constantly be on call to service the needs of current or potential customers. At the same time, Defendants refuse to record this time as worked, and refuse to compensate Plaintiffs and Class and Collective members earned wages at all for this work.

40.     Plaintiffs and Class and Collective members work numerous uncompensated hours off-the-clock every week calling and texting with current or potential customers to facilitate sales, calling and texting with supervisors or coworkers about work-related subjects, and attending online

---

[1] Although some Plaintiffs are former employees, Class and Collective members include current and former employees. For ease of discussion, the allegations herein are made in the present tense.

7

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Nguyen, et al. v. Bloomingdale's, LLC, et al.*

conferences and/or trainings to learn about new products and work policies. Defendants also automatically deduct 30 minutes from Plaintiffs' and Class and Collective members' time records for meal periods, even when they work through the meal periods or cut the meal periods short (as further discussed below). Plaintiffs and Class and Collective members consistently work 40 or more hours per week.  This time spent by Plaintiffs and Class and Collective members attending online conferences and trainings and communicating with customers, coworkers, and managers while off-the clock amounts to between approximately five to ten hours of additional work per week done for the benefit of Defendants that goes unrecorded and therefore uncompensated, including their earned overtime wages. For example, during the week of March 1, 2020 to March 7, 2020, Plaintiff Ha Nguyen worked over 40 hours but did not receive payment for her time spent calling and/or texting with customers, supervisors, and coworkers while off-the-clock, or for time spent working while clocked out for meal periods. This time should have been paid at the overtime rates required by the FLSA and California law.

41.     As a matter of common policy and/or practice, for any overtime work that Defendants do record, Defendants fail to pay Plaintiffs and Class and Collective members their full earned overtime wages because Defendants incorrectly calculate overtime wages using lower base hourly rates instead of regular rates, as required by the FLSA and California law. Plaintiffs and Class and Collective members earn commission based on the sales that they make to customers. Defendants do not factor in commission pay when calculating the regular rate for Plaintiffs' and Class and Collective members' overtime payments.

42.     Plaintiffs are informed, believe, and thereon allege that Defendants utilize the same or substantially similar timekeeping and compensation practices and mechanisms throughout the United States, including California.

43.     As a matter of common policy and/or practice, Defendants regularly require Plaintiffs and Class and Collective members to work during meal and rest periods. Defendants' policies, practices, and procedures require Plaintiffs and Class and Collective members to adhere to a demanding level of customer service, causing them to constantly remain on-duty to facilitate sales and address the needs of customers. This causes Plaintiffs and Class and Collective members to

1  incessantly work through their meal and rest periods, or cut their meal and rest periods short. With

2  respect to meal periods, Defendants adjust Plaintiffs' and Class and Collective members' timesheets

3  to show that they took a timely 30-minute meal break even when such periods have been late or

4  worked through entirely.

5  44.  Due to Defendants' high expectations for Plaintiffs and Class and Collective

6  members to provide quality customer service, Defendants demand that Plaintiffs and Class and

7  Collective members remain available during, cut short, or work through their meal periods to help

8  with customers in person; and Plaintiffs and Class and Collective members are required to call

9  and/or text with prospective and/or current customers during their meal periods to increase sales.

10  This results in off the clock work in violation of the FLSA and California Labor Code for all workers

11  and a failure to provide compliant meal periods under the California Labor Code for Plaintiffs and

12  Class members.

13  45.  When Plaintiffs and Class members do attempt a meal period, such are untimely,

14  shortened, and interrupted *i.e.*, after the end of the fifth hour of work and/or less than thirty minutes.

15  As a result, Plaintiffs and Class members are not provided duty-free, uninterrupted, and timely

16  thirty-minute meal periods during which they should be completely relieved of any duty by the end

17  of the fifth hour of work.

18  46.  Similarly, Plaintiffs and Class members are routinely denied compliant rest periods.

19  Much like the reasons that Plaintiffs and Class members are denied compliant meal periods,

20  Plaintiffs and Class members do not receive compliant rest periods because Defendants require that

21  Plaintiffs and Class members remain available during rest periods to assist customers, Defendants

22  interrupt rest periods to advise Plaintiffs and Class members to help with customers in-store, and

23  Plaintiffs and Class members are often required to call and/or text prospective customers during

24  their rest periods to facilitate sales.

25  47.  Further, as a matter of common policy and/or practice, Defendants fail to provide

26  Plaintiffs and Class members with earned premium wages in lieu of compliant meal and rest

27  periods. In the rare instance that Plaintiffs and Class members do receive meal and rest premiums,

28  Defendants incorrectly use employees' hourly rates instead of their regular rates, as required under

9

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Nguyen, et al. v. Bloomingdale's, LLC, et al.*

the law, to calculate and provide premium payments in lieu of compliant meal periods, As mentioned above, Defendants do not include commission when calculating the regular rates of Plaintiffs and Class members. As a result, Defendants systematically underpay Plaintiffs and Class members for their earned premium wages.

48.    Plaintiffs are informed, believe, and thereon allege that Defendants utilize and apply these meal and rest break policies and practices across all Defendants' facilities throughout California.

49.    Defendants' common course of wage-and-hour abuse also includes routinely failing to maintain true and accurate records of the hours worked by Plaintiffs and Class and Collective members.

50.    As a result of the aforementioned violations, Plaintiffs and Class members are provided with untrue and inaccurate wage statements as such statements do not reflect the correct amount of gross and net wages earned, including overtime premiums and premium payments for missed and noncompliant meal and rest periods to which they are entitled, nor the correct total hours worked by the employee.

51.    As a matter of common policy and/or practice, Defendants fail to provide Plaintiffs and Class members reimbursement for all necessary expenditures or losses incurred by Plaintiffs and Class members in direct consequence of the discharge of their duties, or as a result of their obedience to the directions of Defendant. Plaintiffs and Class members are required to use their personal cell phones for all work-related communications without reimbursement. Plaintiffs and Class members are constantly required to use their personal cell phones to communicate with managers, coworkers and customers, and to look up information about Defendants' products to facilitate sales.  At no time have Defendants reimbursed Plaintiffs and Class members for the use of their personal cell phones, which are routinely used for the benefit of Defendants in the discharge of their job duties. Plaintiffs and Class members are further required to use their personal computers and internet data to attend online conferences and trainings as mandated by Defendants. Defendants do not reimburse Plaintiffs and Class members for the use of their personal computers and/or internet data plans that are utilized for these work-related functions.

52.     Additionally, Plaintiffs and Class members do not receive all wages during employment and following separation from employment, including payment for time spent working off the clock and during meal periods, as well as premium wages for noncompliant meal and rest periods.

53.     Class and Collective members are employed by Defendants and perform work materially similar to Plaintiffs.

54.     Class and Collective members perform their jobs under Defendants' supervision using materials and resources approved and supplied by Defendants.

55.     Class and Collective  members are required to follow and abide by Defendants' common work, time, and pay policies and procedures in the performance of their jobs.

56.     At the end of each pay period, Class and Collective members receive wages from Defendants that are determined by common systems and methods that Defendants select and control.

57.     Defendants' methods of paying Plaintiffs and Class and Collective members are willful and not based on a good faith and reasonable belief that their conduct complies with the FLSA and/or California law.

58.     Defendants' unlawful conduct has been widespread, repeated, and consistent among Defendants' employees.

59.     Defendants know or should know that their policies and practices are unlawful and unfair.

60.     Defendants' conduct is willful, carried out in bad faith, and causes significant damages to employees in an amount to be determined at trial.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

61.     Plaintiffs reallege and incorporate the foregoing paragraphs as though fully set forth herein.

62.     Plaintiffs bring this Complaint as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of the following collective and sub-collective of individuals. The proposed collective of

individuals represented by Plaintiffs is defined as follows:

> **All current and former hourly, non-exempt employees employed by Defendants Bloomingdale's, LLC and Macy's, Inc. in the United States any time starting three years prior to the filing of this Complaint until resolution of this action (the "Collective").**

63.     The proposed sub-collective of individuals represented by Plaintiff Bhagatram is defined as follows:

> **All current and former hourly, non-exempt employees employed by Defendants Bloomingdale's, LLC and Macy's, Inc. in the United States any time starting three years prior to the filing of this Complaint until resolution of this action who have not signed or otherwise entered into an arbitration agreement with Defendants (the "Sub-Collective").**

64.     Plaintiffs' claims for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 216(b) of the FLSA because Plaintiffs' FLSA claims are similar to the claims of the Collective and Sub-Collective members.

65.     Plaintiffs are informed, believe, and thereon allege that Collective and Sub-Collective members have been denied compensation, including minimum wages and overtime wages, and would therefore likely join this collective action if provided a notice of their rights to do.

66.     Plaintiffs and the Collective and Sub-Collective members are similarly situated, and Plaintiffs' and Collective and Sub-Collective members' claims arise from a common nucleus of operative facts. Collective and Sub-Collective members have substantially similar job duties and requirements. Like Plaintiffs, Defendants subjected Collective and Sub-Collective members to Defendants' common practices, policies, or plans that require them to perform work without compensation in clear violation of the FLSA. Defendants require Collective and Sub-Collective members to work for Defendants without paying them overtime wages, or at least minimum wages. When Defendants paid overtime wages, Defendants unlawfully paid overtime wages at the rate of one and one-half times the hourly rate rather than the regular rate. Defendants' failure to pay minimum wages or overtime wages as required by the FLSA resulted from generally applicable policies and practices and did not depend on the personal circumstances of FLSA Collective and Sub-Collective members.

12

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Nguyen, et al. v. Bloomingdale's, LLC, et al.*

67.     This action may be properly maintained as a collective action on behalf of the defined Collective and Sub-Collective because, throughout the relevant time period:

    a.   Defendants maintained common scheduling systems and policies with respect to Plaintiffs and Collective and Sub-Collective members, controlled the scheduling systems and policies implemented for Plaintiffs and Collective and Sub-Collective members, and retained authority to review and revise or approve the schedules assigned to Plaintiffs and Collective and Sub-Collective members;

    b.   Defendants maintained common timekeeping systems and policies with respect to Plaintiffs and Collective and Sub-Collective members;

    c.   Defendants maintained common payroll systems and policies with respect to Plaintiffs and Collective and Sub-Collective members, controlled the payroll systems and policies applied to Plaintiffs and Collective and Sub-Collective members, and set the pay rates assigned to Plaintiffs and Collective and Sub-Collective members; and

    d.   Defendants maintained common policies, practices, and procedures that required Plaintiffs and Collective and Sub-Collective members to perform work while off-the-clock, work that when accounted for should have been paid at overtime rates.

68.     The similarly situated Collective and Sub-Collective members are known to Defendants, are readily identifiable, and may be located through Defendants' records. These similarly situated employees may readily be notified of this action and allowed to "opt-in" to this case pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid wages, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## **RULE 23 CLASS ACTION ALLEGATIONS**

69.     Plaintiffs bring causes of action as a class action on behalf of themselves and the putative Class and Subclass pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3). The Class that Plaintiffs seek to represent is defined as follows:

**All current and former hourly non-exempt employees of Defendants throughout**

13

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Nguyen, et al. v. Bloomingdale's, LLC, et al.*

**California who worked for Defendants Bloomingdale's and Macy's at any time during the time period starting four years prior to the filing of this Complaint until the resolution of this action (the "Class").**

70.     The proposed subclass of individuals represented by Plaintiff Bhagatram is defined as follows:

**All current and former hourly non-exempt employees who worked for Defendants Bloomingdale's and Macy's in California at any time during the time period starting four years prior to the filing of this Complaint until the resolution of this action who have not signed or otherwise entered into an arbitration agreement with Defendants (the "Subclass").**

71.     This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the Class and Subclass easily ascertainable.

a.   **Numerosity**: The potential members of the Class and Subclass are so numerous that joinder of all the members of the Class and Subclass is impracticable. Plaintiffs are informed and believe that the number of Class Subclass members exceeds 100. This volume makes bringing the claims of each individual member of the Class and Subclass before this Court impracticable. Likewise, joining each individual member of the Class and Subclass as a plaintiff in this action is impracticable. Furthermore, the identities of the Class and Subclass will be determined from Defendants' records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Class and Subclass and Defendants.

b.   **Commonality**: There are questions of law and fact common to Plaintiffs and the Class and Subclass that predominate over any questions affecting only individual members of the Class and Subclass.  These common questions of law and fact include, but are not limited to:

i.   Whether Defendants fails to compensate Class and Subclass members for all hours worked, including at minimum wage and as overtime

14

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Nguyen, et al. v. Bloomingdale's, LLC, et al.*

compensation, in violation of the Cal. Lab. Code and Wage Orders;

ii.     Whether Defendants have a policy and/or practice of requiring Class and Subclass members to be in the control of Defendants, spend time primarily for the benefit of Defendants, and work for Defendants off-the-clock and without compensation;

iii.    Whether Defendants fail to authorize and permit, make available, and/or provide Class and Subclass members with compliant meal and/or rest periods to which they are entitled in violation of the Cal. Lab. Code and Wage Orders;

iv.     Whether Defendants fail to provide Class and Subclass members with timely, accurate itemized wage statements in violation of the Cal. Lab. Code and Wage Orders;

v.      Whether Defendants fail to fully reimburse Class and Subclass members with all necessary business expenses incurred for the benefit of Defendants, in violation of the Cal. Lab. Code;

vi.     Whether Defendants fail to timely pay Class and Subclass members for all wages owed upon termination of employment.

vii.    Whether Defendants violates Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by:

(a) failing to compensate Class and Subclass members for all hours worked, including at minimum wage and at overtime rate wage compensation;

(b) failing to authorize and permit, make available, and/or provide Class and Subclass members with compliant meal and/or rest periods to which they are entitled;

(c) failing to provide Class and Subclass members with timely, accurate itemized wage statements;

(d) failing to fully reimburse Plaintiffs and Class and Subclass

15

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Nguyen, et al. v. Bloomingdale's, LLC, et al.*

members for all necessary business expenses made for the benefit of Defendants; and

(e) failing to timely pay Plaintiffs and Class and Subclass members for all wages owed upon termination of employment.

viii.    The proper formula for calculating restitution, damages, and penalties owed to Plaintiffs and the Class and Subclass as alleged herein.

c.    **Typicality**: Plaintiffs' claims are typical of the claims of the Class and Subclass. Defendants' common course of conduct in violation of law as alleged herein has caused Plaintiffs and Class and Subclass members to sustain the same or similar injuries and damages.  Plaintiffs' claims are thereby representative of and co-extensive with the claims of the Class and Subclass.

d.    **Adequacy of Representation**: Plaintiffs are members of the Class and Subclass, do not have any conflicts of interest with other Class and Subclass members, and will prosecute the case vigorously on behalf of the Class and Subclass.  Counsel representing Plaintiffs is competent and experienced in litigating large employment class actions, including wage and hour cases. Plaintiffs will fairly and adequately represent and protect the interests of the Class and Subclass members.

e.    **Superiority of Class Action**: A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class and Subclass members is not practicable, and questions of law and fact common to the Class and Subclass predominate over any questions affecting only individual members of the Class and Subclass.  Each Class and Subclass member has been damaged and is entitled to recovery by reason of Defendants' illegal policies and/or practices.  Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

72.    The Class and Subclass may also be certified because the prosecution of separate

actions by the individual members of the Class and Subclass would create a risk of inconsistent or varying adjudication with respect to individual members of the Class and Subclass, and, in turn, would establish incompatible standards of conduct for Defendants.

73.     If each individual Class and Subclass member were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each member of the Class and Subclass with Defendants' vastly superior financial legal resources.

74.     Requiring each individual Class and Subclass member to pursue an individual remedy would also discourage the assertion of lawful claims by the Class and Subclass members who would be disinclined to pursue these claims against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers, and well-being.

**FIRST CAUSE OF ACTION**

**Violation of the Fair Labor Standards Act**

**Pursuant to 29 U.S.C. §§ 201, *et seq*.**

**(On Behalf of the Collective and Sub-Collective)**

75.     Plaintiffs reallege and incorporate the foregoing paragraphs as though fully set forth herein.

76.     As a matter of common policy and/or practice, Defendants regularly fail to pay Plaintiffs and Collective members the legally mandated overtime premium of not less than one and one-half times the regular rate of pay for all hours worked in excess of forty hours in a workweek. Defendants regularly require Plaintiffs and Collective members to perform uncompensated and unrecorded work outside of scheduled shifts. Defendants expect and require Plaintiffs and Collective members to constantly be on call to service the needs of current or potential customers. At the same time, Defendants refuse to record this time as worked, and refuse to compensate Plaintiffs and Collective members earned wages at all for this work.

77.     Plaintiffs and Collective members work numerous uncompensated hours off-the-clock every week calling and texting with current or potential customers to facilitate sales, calling

17

and texting with supervisors or coworkers about work-related subjects, and attending online conferences and/or trainings to learn about new products and work policies. Defendants also automatically deduct 30 minutes from Plaintiffs and Collective members' time records for meal periods, even though they are constantly on-call, and consistently work through the meal periods or have to cut the meal periods short to assist customers. Plaintiffs and Collective members consistently work 40 or more hours per week. This time spent by Plaintiffs and Collective members attending online conferences and trainings and communicating with customers, coworkers, and managers while off-the clock amounts to between approximately five to ten hours of additional work per week done for the benefit of Defendants that goes unrecorded and therefore uncompensated, including their earned overtime wages.

78.    As a matter of common policy and/or practice, for any overtime work that Defendants do record, Defendants fail to pay Plaintiffs and Collective members their full earned overtime wages because Defendants incorrectly calculate overtime wages using lower base hourly rates instead of regular rates, as required by the FLSA. Plaintiffs and Collective members earn commission based on the sales that they make to customers. Defendants do not factor in commission pay when calculating the regular rate for Plaintiffs' and Collective and Sub-Collective members' overtime payments.

79.    The FLSA requires that covered employees receive overtime compensation of not less than one and one-half times the regular rate of pay for all hours worked in excess of forty hours in a workweek. 29 U.S.C. §§ 206(a)(1), 207(a)(1).

80.    At all times material herein, Plaintiffs and the Collective and Sub-Collective are covered employees entitled to the rights, protections, and benefits provided under the FLSA. 29 U.S.C. §§ 203(e) and 207(a).

81.    Defendants are covered employers required to comply with the FLSA's mandates.

82.    Defendants have violated the FLSA with respect to Plaintiffs and the Collective and Sub-Collective, by, *inter alia*, failing to compensate Plaintiffs and the Collective for all hours worked and, with respect to such hours, failing to pay the legally mandated overtime premium for such work and/or minimum wage. Defendants have also violated the FLSA by failing to keep

1    required, accurate records of all hours worked by Plaintiffs and the Collective. 29 U.S.C. § 211(c).

2    83.    Plaintiffs and the Collective are victims of a uniform and company-wide

3    compensation policy that has been applied to current and former non-exempt, hourly employees of

4    Defendants, working throughout the United States.

5    84.    Plaintiffs and the Collective are entitled to damages equal to the mandated pay,

6    including minimum wage, straight time, and overtime premium pay within the three years preceding

7    the filing of the complaint, plus periods of equitable tolling, because Defendants have acted

8    willfully and knew or showed reckless disregard for whether the alleged conduct was prohibited by

9    the FLSA.

10   85.    Defendants have acted neither in good faith nor with reasonable grounds to believe

11   that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs

12   and the Collective are entitled to recover an award of liquidated damages in an amount equal to the

13   amount of unpaid overtime pay and/or prejudgment interest at the applicable rate. 29 U.S.C. §

14   216(b).

15   86.    Pay, including straight time and overtime compensation, has been unlawfully

16   withheld by Defendants from Plaintiffs and the Collective as a result of Defendants' violations of

17   the FLSA.  Accordingly, Defendants are liable for unpaid wages, together with an amount equal as

18   liquidated damages, attorneys' fees, and costs of this action.

19   87.    Wherefore, Plaintiffs and the Collective request relief as hereinafter provided.

20   <u>**SECOND CAUSE OF ACTION**</u>

21   **Failure to Pay Minimum Wages**

22   **Pursuant Cal. Lab. Code §§ 1182.12, 1194, 1194.2, 1197, and 1197.1**

23   **(On Behalf of the Class and Subclass)**

24   88.    Plaintiffs reallege and incorporate the foregoing paragraphs as though fully set forth

25   herein.

26   89.    As a matter of common policy and/or practice, Defendants regularly fail to pay

27   Plaintiffs and Class members at least minimum wage for all hours worked. Defendants regularly

28   require Plaintiffs and Class members to perform uncompensated and unrecorded work, outside of

19

scheduled shifts, and while off-the-clock during meal periods. Plaintiffs and Class members work numerous uncompensated hours off-the-clock every week calling and texting with current or potential customers to facilitate sales, calling and texting with supervisors or coworkers about work-related subjects, and attending online conferences and/or trainings to learn about new products and work policies. At the same time, Defendants refuse to record this time as worked, and refuse to compensate Plaintiffs and Class members earned wages at all for this work.

90.     During the applicable statutory period, Cal. Lab. Code §§ 1182.12 and 1197, and the Minimum Wage Order were in full force and effect, and required that Defendants' hourly employees receive the minimum wage for all hours worked irrespective of whether nominally paid on a piece rate, or any other basis, at the rate of eleven dollars ($11.00) per hour commencing January 1, 2018; at the rate of twelve dollars ($12.00) per hour commencing January 1, 2019; at the rate of thirteen dollars ($13.00) per hour commencing January 1, 2020; at the rate of fourteen dollars ($14.00) commencing January 1, 2021; and at the rate of fifteen dollars ($15.00) commencing January 1, 2022.

91.     Cal. Lab. Code §1194 states:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

92.     IWC Wage Order 7-2001(2)(G) defines hours worked as "the time during which an employee is subject to the control of an employer and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

93.     Cal. Lab. Code §1194.2 provides that, in any action under Section 1194 to recover wages because of the payment of a wage less than minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

94.     Cal. Lab. Code §1197.1 provides statutory penalties which may be recovered "in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203," which "shall be

20

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Nguyen, et al. v. Bloomingdale's, LLC, et al.*

paid to the affected employee."

95.     Defendants maintained policies and procedures which create a working environment where hourly employees are routinely compensated at a rate that is less than the statutory minimum wage.  Plaintiffs and Class members routinely work time off-the-clock without compensation. For instance, Plaintiffs and Class members are not compensated for time spent working during meal breaks that Defendant requires them to clock out during, for time spent attending online trainings and conferences, or for time spent speaking with customers, supervisors, and coworkers while off-the clock.

96.     As a direct and proximate result of the unlawful acts and/or omissions of Defendants, Plaintiffs and Class members have been deprived of minimum wages in an amount to be determined at trial, and are entitled to a recovery of such amount, plus liquidated damages, plus interest thereon, attorneys' fees, and costs of suit pursuant to Cal. Lab. Code §§ 1194, 1194.2 and 1197.1.

97.     Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

## THIRD CAUSE OF ACTION

### Failure to Pay Overtime Wages

### Pursuant to Cal. Lab. Code §§ 510, 1194

### (On Behalf of the Class)

98.     Plaintiffs reallege and incorporate the foregoing paragraphs as though fully set forth herein.

99.     Defendants do not compensate Plaintiffs and Class members with the appropriate overtime rate, as required by California law.

100.    Cal. Lab. Code § 510 provides, in pertinent part, that:

Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the **regular rate of pay** for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

101.    The IWC Wage Order 7-2001(3)(A)(1) states:

The following overtime provisions are applicable … employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than: . . . One and one-half (1 ½) times the employee's **regular rate of pay** for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and … [d]ouble the employee's **regular rate of pay** for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

102.    Cal. Lab. Code § 1194(a) provides that:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

103.    Cal. Lab. Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, **commission** basis or other method of calculation." (Emphasis added). All such wages are subject to California's overtime requirements, including those set forth above.

104.    Defendants regularly do not compensate Plaintiffs and Class members for their overtime hours. For instance, Plaintiffs and Class members do not receive overtime compensation for time spent communicating with supervisors and customers outside of their scheduled shifts, for time spent attending online trainings and conferences while off-the-clock, or for time spent working during noncompliant meal periods when the hours worked are in excess of eight (8) hours per day and forty (40) hours per week.

105.    Further, when Defendants do issue overtime wages, Defendants incorrectly use employees' hourly rates instead of their regular rates to calculate and pay overtime as required by California law. In addition to wages based on their hourly rate, Plaintiffs and Class members earn commission based on sales that they procure. Defendants do not factor in commission pay when calculating the regular rate for Plaintiffs' and Class members' overtime payments.

106.    Plaintiffs and Class members work overtime hours for Defendants without being paid overtime premiums in violation of the Cal. Lab. Code, applicable IWC Wage Orders, and other

22

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Nguyen, et al. v. Bloomingdale's, LLC, et al.*

1  applicable law.

2      107.    Defendants have knowingly and willfully refused to perform their obligation to

3  provide Plaintiffs and Class members with premium wages for all overtime work.  As a proximate

4  result of the aforementioned violations, Defendants have damaged Plaintiffs and Class members in

5  amounts to be determined according to proof at time of trial.

6      108.    Defendants are liable to Plaintiffs and Class members alleged herein for the unpaid

7  overtime and civil penalties, with interest thereon.  Furthermore, Plaintiffs and Class members are

8  entitled to an award of attorneys' fees and costs as set forth below.

9      109.    Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

10

11                          **FOURTH CAUSE OF ACTION**

12      **Failure to Authorize and Permit and/or Make Available Meal and Rest Periods**

13                **Pursuant to Cal. Lab. Code §§ 226.7 and 512**

14                          **(On Behalf of the Class)**

15      110.    Plaintiffs reallege and incorporate the foregoing paragraphs as though fully set forth

16  herein.

17      111.    As a matter of common policy and/or practice, Defendants regularly require Plaintiffs

18  and Class members to work during meal and rest periods. Defendants' policies, practices, and

19  procedures require Plaintiffs and Class members to adhere to a demanding level of customer service

20  causing them to constantly remain on-duty to facilitate sales and address the needs of customers.

21  This causes Plaintiffs and Class members to work through their meal and rest periods, or cut their

22  meal and rest periods short. With respect to meal periods, despite failing to provide compliant meal

23  periods, Defendants adjust Plaintiffs' and Class members' timesheets to show that they took a timely

24  compliant 30-minute meal break.

25      112.    Plaintiffs and Class members are routinely denied compliant meal periods because,

26  due to Defendants' high expectations for Plaintiffs and Class members to provide quality customer

27  service, Defendants demand that Plaintiffs and Class members remain available during, cut short,

28  or work through their meal periods to help with customers in person; and Plaintiffs and Class

members are required to call and/or text with prospective and/or current customers during their meal periods to increase sales.

113.   When Plaintiffs and Class members do attempt a meal period, such are untimely, shortened, and interrupted *i.e.*, after the end of the fifth hour of work and/or less than thirty minutes. As a result, Plaintiffs and Class members are not provided duty-free, uninterrupted, and timely thirty-minute meal periods during which they should be completely relieved of any duty by the end of the fifth hour of work.

114.   Similarly, Plaintiffs and Class members are routinely denied compliant rest periods. Much like the reasons that Plaintiffs and Class members are denied compliant meal periods, Plaintiffs and Class members do not receive compliant rest periods because Defendants require that Plaintiffs and Class members remain available during rest periods to assist customers, Defendants interrupt rest periods to advise Plaintiffs and Class members to help with customers in-store, and Plaintiffs and Class members are often required to call and/or text prospective customers during their rest periods to facilitate sales.

115.   Further, Defendants fail to provide Plaintiffs and Class members with earned premium wages in lieu of compliant meal and rest periods. In the rare instance that Plaintiffs and Class members do receive meal and rest premiums, Defendants incorrectly use employees' hourly rates instead of their regular rates, as required under the law, to calculate and provide premium payments in lieu of compliant meal periods, As mentioned above, Defendants do not include commission when calculating the regular rates of Plaintiffs and Class members. As a result, Defendants systematically underpay Plaintiffs and Class members for their earned premium wages.

116.   Cal. Lab. Code §§ 226.7 and 512 and the applicable Wage Orders require Defendants to authorize and permit meal and rest periods to its employees.

117.   Cal. Lab. Code §§ 226.7 and 512 and the applicable Wage Orders prohibit employers from employing an employee for more than five (5) hours without a meal period of not less than thirty minutes, and from employing an employee more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty minutes. Unless the employee is relieved of all duty during the thirty-minute meal period, the employee is considered

1  "on duty" and the meal period is counted as time worked under the applicable Wage Orders. Under

2  Cal. Lab. Code § 226.7(b) and the applicable Wage Orders, an employer who fails to authorize,

3  permit, and/or make available a required meal period must, as compensation, pay the employee one

4  (1) hour of pay at the employee's regular rate of compensation for each workday that the meal

5  period was not authorized and permitted.

6       118.    Cal. Lab. Code § 226.7 and the applicable Wage Orders require employers to provide

7  ten (10) minutes net rest time per four (4) hours or major fraction thereof to its employees. During

8  these rest periods, an employer must relieve employees of all duties during rest periods and

9  relinquish any control over how employees spend their break time. Under Cal. Lab. Code § 226.7(b)

10  and the applicable Wage Orders, an employer who fails to authorize, permit, and/or make available

11  a required rest period must, as compensation, pay the employee one (1) hour of pay at the

12  employee's regular rate of compensation for each workday that the rest period was not authorized

13  and permitted.

14       119.    Despite these requirements, Defendants have knowingly and willfully refused to

15  perform their obligations to authorize and permit and/or make available to Plaintiffs and Class

16  members the ability to take the meal and rest periods to which they are entitled.

17       120.    Therefore, pursuant to Cal. Lab. Code § 226.7(b), and §§218.5 and 218.6, Plaintiffs

18  and Class members are entitled to compensation for the failure to authorize and permit and/or make

19  available meal and rest periods, plus interest, attorneys' fees, expenses and costs of suit.

20       121.    As a proximate result of the aforementioned violations, Plaintiffs and Class members

21  have been damaged in an amount according to proof at time of trial.

22       122.    Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

23  **FIFTH CAUSE OF ACTION**

24  **Failure to Provide Accurate Itemized Wage Statements**

25  **Pursuant to Cal. Lab. Code §§ 226, 1174, 1174.5**

26  **(On Behalf of the Class and Subclass)**

27       123.    Plaintiffs reallege and incorporate the foregoing paragraphs as though fully set forth

28  herein.

25

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Nguyen, et al. v. Bloomingdale's, LLC, et al.*

124.    Defendants do not provide Plaintiffs and Class members with accurate itemized wage statements as required by California law.

125.    Cal. Lab. Code § 226(a) provides that:

Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least four years at the place of employment or at a central location within the State of California.

126.    The IWC Wage Orders also establishes this requirement.  (*See* IWC Wage Orders 7-2001.)

127.    Cal. Lab. Code § 226(e) provides:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) and is entitled to an award of costs and reasonable attorney's fees.

128.    Defendants do not provide timely, accurate itemized wage statements to Plaintiffs and Class members in accordance with Cal. Lab. Code § 226(a) and the IWC Wage Orders.  As a result of the aforementioned violations, the wage statements Defendants provide their employees, including Plaintiffs and Class members, do not accurately reflect all hours actually worked, actual gross wages earned and/or actual net wages earned, including minimum wages and overtime. In addition, the wage statements Defendants provide do not include premium wages for missed meal or rest periods.

129.    Defendants have also failed to maintain records of hours worked by Plaintiffs and

26

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Nguyen, et al. v. Bloomingdale's, LLC, et al.*

1    Class members are required under Cal. Lab. Code §1174(d).

2        130.    Defendants are liable to Plaintiffs and the Class members for damages and/or civil

3 penalties, under Cal. Lab. Code §§ 226(e) and 1174.5. Furthermore, Plaintiffs and Class members

4 are entitled to an award of attorneys' fees and costs as set forth below, pursuant to Cal. Lab. Code

5 § 226(e). Plaintiffs and Class members are also entitled to injunctive relief requiring Defendants to

6 comply with Cal. Lab. Code §§ 226(a) and 1174(d).

7        131.    Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

8

9                                    **<u>SIXTH CAUSE OF ACTION</u>**

10              **Failure to Reimburse for Necessary Business Expenses**

11                    **Pursuant to Cal. Lab. Code § 2802**

12                          **(On Behalf of the Class)**

13        132.    Plaintiffs reallege and incorporate the foregoing paragraphs as though fully set forth

14 herein.

15        133.    Defendants fail to provide Plaintiffs and Class members reimbursement for all

16 necessary expenditures or losses incurred by Plaintiffs and Class members in direct consequence of

17 the discharge of their duties, or as a result of their obedience to the directions of Defendants.

18        134.    Cal. Lab. Code § 2802 provides:

19       An employer shall indemnify his or her employee for all necessary expenditures or
20       losses incurred by the employee in direct consequence of the discharge of his or her
       duties, or of his or her obedience to the directions of the employer, even though
21       unlawful, unless the employee, at the time of obeying the directions believed them to
       be unlawful. … For the purposes of this section, the term "necessary expenditures or
22       losses" shall include all reasonable costs, including, but not limited to, attorney's fees
       incurred by the employee enforcing the rights granted by this section.

23        135.    Defendants require Plaintiffs and Class members to use their own personal cell

24 phones to maintain work-related communications with clients, co-workers, and supervisors, as well

25 as their own personal computers and home internet data to attend online trainings and conferences.

26 Defendants fail to reimburse Plaintiffs and Class members for such "out-of-pocket" business

27 expenses in violation of Cal. Lab. Code § 2802.

28        136.    Plaintiffs and Class members are entitled to recover from Defendants their business-

27

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Nguyen, et al. v. Bloomingdale's, LLC, et al.*

1   related expenses and costs in the course and scope of their employment, plus interest.

2       137.   Wherefore, Plaintiffs and Class members request relief as hereinafter provided.

3                       **SEVENTH CAUSE OF ACTION**

4                         **Waiting Time Penalties**

5                   **Pursuant to Cal. Lab. Code §§ 201-203**

6                         **(On Behalf of the Class)**

7       138.   Plaintiffs reallege and incorporate the foregoing paragraphs as though fully set forth

8   herein.

9       139.   Defendants do not provide Class members with their wages when due under

10  California law after their employment with Defendants ends.

11      140.   Cal. Lab. Code § 201 provides:

12      If an employer discharges an employee, the wages earned and unpaid at the time of
        discharge are due and payable immediately.

13

14      141.   Cal. Lab. Code § 202 provides:

15      If an employee not having a written contract for a definite period quits his or her
16      employment, his or her wages shall become due and payable not later than 72 hours
        thereafter, unless the employee has given 72 hours previous notice of his or her
        intention to quit, in which case the employee is entitled to his or her wages at the time
17      of quitting.

18      142.   Cal. Lab. Code § 203 provides, in relevant part:

19      If an employer willfully fails to pay, without abatement or reduction, in accordance
        with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged
20      or who quits, the wages of the employee shall continue as a penalty from the due date
        thereof at the same rate until paid or until an action therefor is commenced; but the
21      wages shall not continue for more than 30 days.

22      143.   Plaintiffs and some of the Class members left their employment with Defendants

23  during the statutory period, at which time Defendants owed them unpaid wages. These earned, but

24  unpaid, wages derive from time spent working for the benefit of Defendants off-the-clock and

25  during missed or interrupted meal and rest periods.

26      144.   Defendants willfully refused and continue to refuse to pay Plaintiffs and Class

27  members all the wages that are due and owing to them for the work performed and the resulting

28  premium payments for missed or interrupted meal and rest periods upon the end of their

1  employment, as well as overtime compensation and missed meal premiums that did not correctly

2  factor in Plaintiffs and Class members' regular rate of pay.  As a result of Defendants' actions,

3  Plaintiffs and Class  members have suffered and continue to suffer substantial losses, including lost

4  earnings, and interest.

5       145.    Defendants' willful failure to pay Plaintiffs and Class members the wages due and

6  owing them constitutes a violation of Cal. Lab. Code §§ 201-202. As a result, Defendants are liable

7  to Plaintiffs and proposed Class members for all penalties owing pursuant to Cal. Lab. Code §§

8  201-203.

9       146.    In addition, addition, Cal. Lab. Code § 203 provides that an employee's wages will

10  continue as a penalty up to thirty days from the time the wages were due. Therefore, Plaintiffs and

11  Class members are entitled to penalties pursuant to Cal. Lab. Code § 203, plus interest.

12       147.    Wherefore, Plaintiffs and Class members request relief as hereinafter provided.

13  **<u>EIGHTH CAUSE OF ACTION</u>**

14  **Violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.***

15  **(On Behalf of the Class)**

16       148.    Plaintiffs reallege and incorporates the foregoing paragraphs as though fully set forth

17  herein.

18       149.    The UCL prohibits unfair competition in the form of any unlawful, unfair, or

19  fraudulent business acts or practices.

20       150.    Cal. Bus. & Prof. Code § 17204 allows a person injured by the unfair business acts

21  or practices to prosecute a civil action for violation of the UCL.

22       151.    Cal. Lab. Code § 90.5(a) states it is the public policy of California to vigorously

23  enforce minimum labor standards in order to ensure employees are not required to work under

24  substandard and unlawful conditions, and to protect employers who comply with the law from those

25  who attempt to gain competitive advantage at the expense of their workers by failing to comply

26  with minimum labor standards.

27       152.    Beginning at an exact date unknown to Plaintiffs, but at least since the date four years

28  prior to the filing of this lawsuit, Defendants have committed acts of unfair competition as defined

29

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Nguyen, et al. v. Bloomingdale's, LLC, et al.*

by the UCL, by engaging in the unlawful, unfair, and fraudulent business acts and practices described in this Complaint, including, but not limited to:

    a.   violations of Cal. Lab. Code § 1194 and IWC Wage Orders 7-2001 pertaining to payment of wages, including minimum wage, for all hours worked;

    b.   violations of Cal. Lab. Code § 510 and IWC Wage Orders 7-2001 pertaining to overtime;

    c.   violations of Cal. Lab. Code §§ 226.7 and 512 and Wage Orders 7-2001 pertaining to meal and rest periods;

    d.   violations of Cal. Lab. Code § 226 regarding accurate, timely itemized wage statements;

    e.   violations of Cal. Lab. Code § 2802 pertaining to reimbursement of business expenditures; and

    f.   violations of Cal. Lab. Code §§ 201-203 pertaining to payment of all wages owed during employment and following separation from employment.

153.   The violations of these laws and regulations, as well as of the fundamental California public policies protecting wages, serve as unlawful predicate acts and practices for purposes of Cal. Bus. & Prof. Code §§ 17200, *et seq*.

154.   The acts and practices described above constitute unfair, unlawful, and fraudulent business practices, and unfair competition, within the meaning of Cal. Bus. & Prof. Code §§ 17200, *et seq*. Among other things, the acts and practices have taken from Plaintiffs and the Class members wages rightfully earned by them, while enabling Defendants to gain an unfair competitive advantage over law-abiding employers and competitors.

155.   Cal. Bus. & Prof. Code § 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition.

156.   As a direct and proximate result of the aforementioned acts and practices, Plaintiffs and Class members have suffered a loss of money and property, in the form of unpaid wages, which are due and payable.

157.    Cal. Bus. & Prof. Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition. Plaintiffs and Class members are entitled to restitution pursuant to Cal. Bus. & Prof. Code § 17203 for all wages and payments unlawfully withheld from employees during the four-year period prior to the filing of this Complaint.  Plaintiffs' success in this action will enforce important rights affecting the public interest and, in that regard, Plaintiffs sue on behalf of themselves as well as others similarly situated.  Plaintiffs and Class members seek and are entitled to unpaid wages, declaratory and injunctive relief, and all other equitable remedies owing to them.

158.    Plaintiffs herein take upon themselves enforcement of these laws and lawful claims.

159.    There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiffs and Class members by forcing them to pay attorneys' fees from any recovery thereof.  Attorneys' fees are appropriate pursuant to Cal. Code Civ. Proc. § 1021.5 and otherwise.

160.    Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, on behalf of the Class, Subclass, Collective, and Sub-Collective members, request the following relief:

1.    For an order certifying that the First Cause of Action in this Complaint may be maintained as a collective action pursuant to 29 U.S.C. § 216(b) and that prompt notice of this action be issued to potential members of the Collective and Sub-Collective, apprising them of the pendency of this action, and permitting them to assert their FLSA claims;

2.    Designation of Plaintiffs as Representatives of the Collective and Sub-Collective;

3.    For an order equitably tolling the statute of limitations for the potential members of the Collective and Sub-Collective;

4.    For an order certifying the Second to Eighth Cause of Actions in this Complaint as a class action;

5.    Designation of Plaintiffs as Class Representatives and their counsel as Class Counsel;

6.      Damages and restitution according to proof at trial for all unpaid wages and other injuries, as provided by the FLSA, Cal. Lab. Code, and Cal. Bus. & Prof. Code;

7.      For a declaratory judgment that Defendants violated the FLSA, Cal. Lab. Code, California law, and public policy as alleged herein;

8.      For a declaratory judgment that Defendants violated Cal. Bus. & Prof. Code §§ 17200, *et seq.* as a result of the aforementioned violations of the Cal. Lab. Code;

9.      For an equitable accounting to identify, locate, and restore to all current and former employees the wages they are due, with interest thereon;

10.      For an equitable accounting to identify, locate, and restore to all current and former employees the wages they are due, with interest thereon;

11.      For an order awarding Plaintiffs and putative Class, Subclass, Collective, and Sub-Collective members compensatory damages, including gratuities owed, lost wages, earnings, liquidated damages, and other employee benefits, restitution, recovery of all money/property, actual damages, and all other sums of money owed to Plaintiffs and putative Class and Collective members, together with interest on these amounts according to proof;

12.      For an order awarding Plaintiffs and putative Class, Subclass, Collective, and Sub-Collective members penalties pursuant to the FLSA, Cal. Lab. Code, and the laws of the State of California, with interest thereon;

13.      For an order awarding reasonable attorneys' fees as provided by the FLSA, Cal. Lab. Code, Cal. Code Civ. Proc. § 1021.5, the laws of the State of California, and/or other applicable law;

14.      For all costs of suit;

15.      For interest on any penalties awarded, as provided by applicable law; and

16.      For such other and further relief as this Court deems just and proper.

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Nguyen, et al. v. Bloomingdale's, LLC, et al.*

1   Dated: May 18, 2023                          Respectfully Submitted,

2

3                                                _____

4                                                Carolyn H. Cottrell
                                                 Ori Edelstein
5                                                Eugene Zinovyev
                                                 **SCHNEIDER WALLACE**
6                                                **COTTRELL KONECKY LLP**

7                                                *Attorneys for Plaintiffs and the Class and Collective*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Nguyen, et al. v. Bloomingdale's, LLC, et al.*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial on all claims and issues for which Plaintiffs are entitled to a jury.

Dated: May 18, 2023                    Respectfully Submitted,


Carolyn H. Cottrell
Ori Edelstein
Eugene Zinovyev
**SCHNEIDER WALLACE
COTTRELL KONECKY LLP**

*Attorneys for Plaintiffs and the Class and Collective*

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Nguyen, et al. v. Bloomingdale's, LLC, et al.*